**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MICHAEL PERRY and KARLA PERRY**                                        **PLAINTIFFS**

**v.**                                                    **CIVIL ACTION NO. 3:22-cv-389-TSL-MTP**

**MERCEDES-BENZ USA, LLC**                                                **DEFENDANT**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court *sua sponte* upon Plaintiffs' failure to prosecute and failure to comply with the Court's prior orders.  Having considered the record and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

On May 26, 2022, Plaintiffs, through counsel, filed this action in the County Court of Rankin County, Mississippi, alleging that Defendant sold them a defective vehicle.  On July 11, 2022, Defendant removed the action to this Court.

On October 27, 2022, Plaintiffs' counsel, John N. Rocray, filed a Motion to Withdraw as Counsel [11], seeking to withdraw as counsel of record for Plaintiffs.  Thereafter, Plaintiffs joined the Motion, consenting to the requested withdrawal of counsel *See* Joinder [14].  On December 14, 2022, the Court granted the Motion to Withdraw as Counsel [11] and ordered Plaintiffs to obtain new counsel or advise the Court that they intend to proceed *pro se* by January 17, 2023. *See* Order [15].  The Court warned Plaintiffs that their failure to obtain counsel or to inform the Court of their intention to proceed without an attorney could result in the dismissal of their claims with prejudice or otherwise adversely affect their rights. *Id*.  Plaintiffs failed to comply with the Court's Order [15].

Thus, on January 19, 2023, the Court entered an Order [16] directing Plaintiffs to show cause, in writing, why this action should not be dismissed for failure to prosecute and failure to

comply with Order [15].  The Court directed Plaintiffs to respond to the Order to Show Cause [16] on or before February 2, 2023, and advised Plaintiffs that their failure to comply with the Order [16] or to show good cause may result in the dismissal of their claims with prejudice and without further notice.  Plaintiffs failed to respond to the Order [16].

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).  As Plaintiffs have not responded to multiple Court orders and have not otherwise pursued this matter, Rule 41(b) dismissal is appropriate.

## RECOMMENDATION

As Plaintiff has failed to prosecute this action and comply with the Court's Orders, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the

recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 7th day of February, 2023.

s/ Michael T. Parker
United States Magistrate Judge